1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KRISTOPHER B. BRADLEY,                    No.  2:22-cv-2120 AC P

12                   Petitioner,

13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    BREWER,

15                   Respondent.

16

17          Petitioner, a federal prisoner, filed an application for a writ of habeas corpus pursuant to

18    28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

19       I.     Application to Proceed In Forma Pauperis

20          Examination of the in forma pauperis application reveals that petitioner is unable to afford

21    the costs of suit.  ECF No. 6.  Accordingly, the application to proceed in forma pauperis will be

22    granted.  See 28 U.S.C. § 1915(a).

23       II.    Background

24          On January 14, 2013, petitioner pled guilty to possession of a firearm by a convicted felon

25    in violation of 18 U.S.C. §§ 922(g) and 924(e).  ECF No. 1 at 7.  On April 5, 2013, he was

26    sentenced to 200 months in prison.  Id.

27       III.   The Petition

28          Petitioner challenges his sentence under the Armed Career Criminal Act ("ACCA"), 18

1    U.S.C. § 924(e), which required imposition of a mandatory minimum sentence of fifteen years.

2    ECF No. 1.  He argues that under Descamps v. United States, 570 U.S. 254 (2013), and Mathis v.

3    United States, 579 U.S. 500 (2016), his prior conviction under Georgia's aggravated assault

4    statute no longer qualifies as a predicate offense under § 924(e), as held by the Eleventh Circuit's

5    decision in United States v. Moss, 920 F.3d 752 (11th Cir. 2019), opinion reinstated, 4 F.4th 1292

6    (11th Cir. 2021).  ECF No. 1 at 7-8.  Accordingly, petitioner contends he is actually innocent of

7    the ACCA enhancement.  Id.  Petitioner is currently incarcerated at FCI-Herlong, located in

8    Lassen County, which is part of the Sacramento Division of the United States District Court for

9    the Eastern District of California.  See L.R. 120(d).

10           IV.     Challenging the Validity of a Conviction Under § 2241

11           Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f

12   it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

13   relief in the district court."  "[A] petition for habeas corpus should not be dismissed without leave

14   to amend unless it appears that no tenable claim for relief can be pleaded were such leave

15   granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

16           In this case, petitioner is clearly challenging the legality of his sentence.  "As a general

17   rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test

18   the legality of detention.'"  Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting

19   Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).

20              By the terms of section 2255, a prisoner authorized to apply for
                section 2255 relief may not bring a section 2241 petition for a writ
21              of habeas corpus "if it appears that the applicant has failed to apply
                for relief, by motion, to the court which sentenced him, or that such
22              court has denied him relief."

23   Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255).  "Under the

24   savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant

25   to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or

26   ineffective to test the legality of his detention.'"  Hernandez v. Campbell, 204 F.3d 861, 864-65

27   (9th Cir. 2000) (quoting 28 U.S.C. § 2255).  "[A] § 2241 petition is available under the 'escape

28   hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an

                                              2

1   'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898

2   (9th Cir. 2006) (citations omitted).  "[F]or Petitioner's claim to be a legitimate § 2241 petition, he

3   must satisfy both of those requirements." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012).

> An inquiry into whether a § 2241 petition is proper . . . is critical to
> the determination of district court jurisdiction, because the proper
> district for filing a habeas petition depends upon whether the petition
> is filed pursuant to § 2241 or § 2255.  In particular, a habeas petition
> filed pursuant to § 2241 must be heard in the custodial court . . . ,
> even if the § 2241 petition contests the legality of a sentence by
> falling under the savings clause.

8   Hernandez, 204 F.3d at 865.

9        If the petition is properly brought as a § 2241 petition, then this action is properly brought

10  in this court.  However, if petitioner does not qualify for the narrow escape hatch exception, relief

11  is unavailable to him under § 2241 and the petition must be dismissed for lack of jurisdiction.

12              A.       Actual Innocence

13       In Allen v. Ives, the Ninth Circuit held that a retroactive change of law that changed a

14  predicate crime into a non-predicate crime could allow a petitioner to establish actual innocence

15  of a career offender enhancement for purposes of qualifying for § 2255's escape hatch.  950 F.3d

16  1184, 1190 (9th Cir. 2020).  The Ninth Circuit subsequently limited the application of Allen to

17  "petitioners who 'received a mandatory sentence under a mandatory sentencing scheme.'"

18  Shepherd v. Warden, FCI-Tucson, 5 F.4th 1075, 1077 (9th Cir. 2021) (quoting Allen v. Ives, 976

19  F.3d 863, 869 (W. Fletcher, J., concurring in denial of the petition for rehearing en banc)).  In this

20  case, petitioner claims that under Descamps and Mathis, his Georgia conviction for aggravated

21  assault is not a predicate crime under the ACCA and he is therefore actually innocent of the

22  mandatory minimum sentence that was imposed.  Since petitioner was subject to a statutory

23  fifteen-year mandatory minimum sentence as a result of the ACCA designation, he has made a

24  cognizable claim of actual innocence.

25              B.       Unobstructed Procedural Shot

26       With respect to the second requirement for bringing a § 2241 petition under the savings

27  clause, "it is not enough that the petitioner is presently barred from raising his claim of innocence

28  by motion under § 2255.  He must never have had the opportunity to raise it by motion." Ivy v.

1  Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).  In other words, if a habeas petitioner raises an

2  actual innocence claim that could have been raised during trial, on direct appeal, or in a § 2255

3  motion, the fact that he may now be procedurally barred from raising it does not mean that

4  § 2255's remedy is inadequate or ineffective.  To determine whether a petitioner has had an

5  unobstructed procedural shot to pursue his claim, the court considers: "(1) whether the legal basis

6  for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255

7  motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that

8  first § 2255 motion."  Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61).

9       Petitioner's judgement became final on October 6, 2014, when the Supreme Court denied

10  his petition for writ of certiorari.  Bradley v. United States, 574 U.S. 914 (2014); see also United

11  States v. Bradley (Bradley I), No. 7:12-cr-0034 HL TQL, (M.D. Ga.), ECF No. 48.[1]  Petitioner

12  therefore had until October 6, 2015, to file a timely § 2255 motion, absent an alternate trigger

13  date.  See 28 U.S.C. § 2255(f) (setting one-year statute of limitations and listing trigger dates).

14  Petitioner filed a timely pro se § 2255 motion in Bradley I on September 29, 2015.  ECF No. 1 at

15  3; Bradley I, ECF No. 52.  He was subsequently appointed counsel to review his eligibility for

16  relief under Johnson v. United States, 576 U.S. 591 (2015), and counsel filed a supplemental brief

17  on September 12, 2016.  ECF No. 1 at 3; Bradley I, ECF Nos. 57, 66.  On July 25, 2019, the

18  district judge in Bradley I adopted the magistrate judge's June 20, 2019 recommendation that the

19  pro se § 2255 motion and supplemental motion be denied.  Bradley I, ECF Nos. 80, 83.

20       Petitioner argues that § 2255 is inadequate or ineffective to challenge his sentence because

21  his Descamps claim was denied as untimely, barring him from challenging his ACCA

22  enhancement under § 2255.  ECF No. 1 at 4, 9.  However, the fact that petitioner's claim was

23  denied as untimely, by itself, is not sufficient to show petitioner satisfies the second prong of the

24  escape hatch exception, and in this case, petitioner cannot show that he did not have an

25

26  [1] The court "may take notice of proceedings in other courts, both within and without the federal
   judicial system, if those proceedings have a direct relation to matters at issue."  United States ex
27  rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)
   (citations omitted); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are
28  capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1   unobstructed procedural shot to pursue his claims because both Descamps and Mathis were

2   decided prior to the exhaustion of his first § 2255 motion.[2]

3       Moreover, petitioner in fact argued in his supplemental § 2255 motion that under

4   Descamps and Mathis his aggravated assault conviction could not qualify as an ACCA predicate

5   offense.  Bradley I, ECF No. 66 at 7-11.  Specifically, petitioner argued that, without § 924(e)'s

6   residual clause, which was invalidated by Johnson, his aggravated assault conviction no longer

7   qualified as a violent felony because it was clearly not an enumerated offense and Descamps and

8   Mathis precluded the offense from qualifying under the force clause.  Bradley I, ECF No. 66 at 7-

9   11.  The district court ultimately held that petitioner was asserting two separate claims, one under

10  Johnson and one under Descamps, and that the Descamps claim was untimely.  Bradley I, ECF

11  No. 80 at 11-14.  That the district court ultimately held petitioner's Descamps claim untimely

12  does not mean he never had an "unobstructed procedural shot" to present the claim.  See Ivy, 328

13  F.3d at 1059-61 (finding § 2255 not inadequate or ineffective because petitioner missed statute of

14  limitations); Lewis v. Salazar, 829 F. App'x 239, 241 (9th Cir. 2020) (although petitioner did not

15  have opportunity to raise claim on direct appeal or first § 2255 motion, he had adequate

16  procedural opportunity to do so when he presented claim in two separate motions for leave to file

17  a successive § 2255 motion and a separate § 2241 petition).

18          C.      Conclusion

19      Since petitioner may not challenge his conviction through a § 2241 petition, he can only

20  challenge his conviction through a § 2255 motion, which must be brought in the court which

21  imposed the sentence.  Although this court may transfer this action "to any other district or

22  division where it might have been brought," 28 U.S.C. § 1404(a), there is no indication that the

23  Eleventh Circuit has granted petitioner leave to pursue a second or successive § 2255 motion.

24  The court should therefore decline to construe the instant petition as a § 2255 motion and transfer

25  it to the United States District Court for the Middle District of Georgia, and instead the petition

26

27  [2]  Descamps was decided on June 20, 2013, prior to petitioner's judgment becoming final, and
    while Mathis was decided on June 23, 2016, more than one year after judgment became final, it
28  was decided well before the 2019 denial of petitioner's § 2255 motion.

5

1  should be dismissed for lack of jurisdiction.  See 28 U.S.C. § 2255(a).

2          Accordingly, IT IS HEREBY ORDERED that:

3          1.   Petitioner's request to proceed in forma pauperis (ECF No. 6) is GRANTED; and

4          2.   The Clerk of the Court shall randomly assign a United States District Judge to this

5  action.

6          IT IS FURTHER RECOMMENDED that the petition be dismissed for lack of

7  jurisdiction.

8          These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

10  after being served with these findings and recommendations, petitioner may file written

11  objections with the court.  Petitioner is advised that failure to file objections within the specified

12  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

13  (9th Cir. 1991).

14          If petitioner files objections, he may also address whether a certificate of appealability

15  should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules

16  Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it

17  enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the

18  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

19  § 2253(c)(2).

20  DATED: May 5, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28