UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER B. BRADLEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BREWER,<br><br>　　　　Respondent. | No. 2:22-cv-2120 KJM AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

　　　　Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus in which he is attempting to challenge the legality of his sentence under 28 U.S.C. § 2241 because he argues that 28 U.S.C. § 2255 is not adequate or effective to test the legality of his detention. ECF No. 1. He argues that under Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 579 U.S. 500 (2016), his prior conviction under Georgia's aggravated assault statute no longer qualifies as a predicate offense under § 924(e), as held by the Eleventh Circuit's decision in United States v. Moss, 920 F.3d 752 (11th Cir. 2019), opinion reinstated, 4 F.4th 1292 (11th Cir. 2021), and that he is therefore actually innocent of the ACCA enhancement. ECF No. 1 at 7-8.

　　　　On May 8, 2023, the undersigned recommended that the petition be dismissed for lack of jurisdiction because while petitioner had made a cognizable claim of actual innocence to satisfy § 2255's savings clause, he had not shown that he had not had an unobstructed procedural shot at

presenting the claim. ECF No. 7. On July 25, 2023, the assigned district judge referred the matter back to the undersigned to consider the effect, if any, of the United States Supreme Court's recent decision in Jones v. Hendrix, 143 S. Ct. 1857 (2023).

In Jones, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 1864. In so holding, it found that

> AEDPA strictly limited "second or successive" § 2255 motions to those that "contain—
>
> "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Id. at 1867 (quoting 28 U.S.C. § 2255(h)). "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 1869. Thus, following Jones, claims of error based on an intervening change in statutory interpretation may not be brought under § 2241 through the savings clause. Because Descamps and Mathis are cases of statutory interpretation and did not announce new rules of constitutional law, Ezell v. United States, 778 F.3d 762, 763 (9th Cir. 2015) (addressing Descamps); Arazola-Galea v. United States, 876 F.3d 1257, 1259 (9th Cir. 2017) (addressing Mathis), this court lacks jurisdiction to consider petitioner's claim.

Accordingly, IT IS HEREBY ORDERED that the May 8, 2023 findings and recommendations (ECF No. 7) are WITHDRAWN.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: July 27, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3